IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW CAPOZZI, | ) |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) Civil Action File No. |
| COMPASS GROUP USA, INC., | ) _____ |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Matthew Capozzi (hereinafter "Mr. Capozzi"), by and through undersigned counsel, and files this lawsuit against Compass Group USA, Inc. (hereinafter "Compass"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

## INTRODUCTION

1.

The instant action arises from Compass's violations of Mr. Capozzi's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Compass which have deprived Mr. Capozzi of his lawful overtime wages.

2.

During the employment of Mr. Capozzi, Compass violated the FLSA by failing to compensate Mr. Capozzi at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Mr. Capozzi seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Compass is subject to personal jurisdiction in this District.

## **PARTIES**

6.

Mr. Capozzi resides in Marietta, Georgia (within this District) and is a citizen of the United States.

7.

At all times material to this action, Mr. Capozzi was an "employee" of Compass defined by § 203(e)(1) of the FLSA, and worked for Compass within the territory of the United States.  Mr. Capozzi is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Compass.

8.

Compass is a North Carolina corporation with its principal office located at 2400 Yorkmont Rd., Charlotte, NC 28217.  Compass regularly does business in the State of Georgia and may be served through its registered agent, Corporation Service Company at 40 Technology Pkwy South, #300, Norcross, GA 30092.  At all times material hereto, Compass Group was an "employer" of Mr. Capozzi for purposes of the FLSA.

9.

Compass maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

10.

Compass is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Corporation Service Company at 40 Technology Pkwy South, #300, Norcross, GA 30092.

11.

At all times material to this action, Compass was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

12.

At all times material to this action, Compass was an "employer" of Mr. Capozzi, as defined by § 203(d) of the FLSA.

13.

The overtime provisions set forth in § 207 of the FLSA apply to Compass.

## FACTUAL ALLEGATIONS

14.

From September 14, 2015 until September 1, 2016, Mr. Capozzi was employed by Compass at Kennesaw State University.

15.

At all times relevant hereto, Mr. Capozzi was not responsible for managing any other employees. Mr. Capozzi did not conduct any employees' reviews, schedules, vacation requests or warnings.

16.

At all times relevant hereto, Mr. Capozzi did not possess the authority to hire or fire other employees.

17.

At all times relevant hereto, Mr. Capozzi's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

18.

At all times relevant hereto, Mr. Capozzi did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

19.

At all times relevant hereto, Mr. Capozzi was a non-exempt employee for purposes of overtime compensation.

20.

While employed by Compass, Mr. Capozzi was required, at times, to work in excess of forty (40) hours a week.

21.

During Mr. Capozzi's employment with Compass, Compass did not compensate Mr. Capozzi for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

22.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Mr. Capozzi are in the possession of Compass.

**COUNT ONE: FLSA VIOLATION (OVERTIME)**

23.

Mr. Capozzi realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

24.

Compass failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Mr. Capozzi.

25.

Compass failed to meet the requirements for paying Mr. Capozzi at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

26.

Compass is liable to Mr. Capozzi for compensation for any and all time Mr. Capozzi worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

27.

By its actions alleged herein, Compass willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

28.

Compass willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay

overtime compensation to Mr. Capozzi in accordance with § 203 and § 207 of the FLSA.

29.

As a result of Compass's violations of the FLSA, Mr. Capozzi has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

30.

As a result of Compass's willful violations of the FLSA, Mr. Capozzi is entitled to liquidated damages.

## COUNT TWO: ATTONREYS' FEES AND EXPENSES

31.

Mr. Capozzi realleges and incorporates paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32.

Mr. Capozzi has retained undersigned counsel to represent him in this action and has incurred costs and reasonable attorneys' fees.

33.

Pursuant to 29 U.S.C. § 216(b), Mr. Capozzi is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

34.

Compass has not made a good faith effort to comply with the FLSA with respect to its compensation of Mr. Capozzi.

35.

As a result of Compass's unlawful acts, Mr. Capozzi has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Capozzi, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a) that he be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

(b) that he be awarded the costs and expenses of this action; and

(c) that this Court enter such other and further relief as is just and proper under the circumstances.

[DATE AND SIGNATURES FOLLOW]

Respectfully submitted this 27th day of October, 2016.

        **COHAN LAW GROUP, LLC**

        */s/ Louis R. Cohan*

        LOUIS R. COHAN
        Georgia Bar No. 173357
        ARIEL D. FENSTER
        Georgia Bar No. 420858

3340 Peachtree Road, NE
Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

        **COHAN LAW GROUP, LLC**

        */s/ Ariel D. Fenster*

        ARIEL D. FENSTER
        Georgia Bar No. 420858